IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES OF AMERICA


VS.                                                                    CRIMINAL NO. 1:03cr93-1WJG
                                                                       CIVIL ACTION NO. 1:05cv267WJG


GERALD HAWTHORNE DUFFY


MEMORANDUM OPINION AND ORDER


This cause is before the Court on Defendant Gerald Hawthorne Duffy's motion to vacate, set-aside or correct sentence [90-1] pursuant to 28 U.S.C. § 2255. After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

On or about March 3, 2004, Duffy pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 846. As part of his negotiated plea agreement, Duffy waived his right to appeal the conviction/sentence or the manner in which it was imposed. In addition, he waived his right to contest the conviction/sentence in a post-conviction proceeding or by a section 2255 motion. On June 2, 2004, the Court sentenced Duffy to 188 months imprisonment, 4 years supervised release and a $100.00 special assessment. On June 15, 2004, the Court entered its Judgment of conviction.

Duffy did not file an appeal, but on May 27, 2005, Duffy filed the instant motion, seeking to vacate his sentence based on the following: (1) involuntary waiver of appeal; (2) ineffective assistance of counsel regarding his sentencing exposure; (3) breach of the plea agreement; (4)

unconstitutional sentence; (5) failure to prove the prima facie basis of the indictment; and (6) sentencing as a career offender was based on an unconstitutional state conviction.  The Court will address each of these issues in turn.

I.      Involuntary Waiver of Appeal

        Duffy argues that his waiver of appeal was not informed and voluntary because he was not aware that he waived his right to appeal or challenge his sentence.  As noted previously, Duffy entered a negotiated plea of guilty pursuant to a plea agreement which contained an unambiguous waiver of his right to appeal the conviction/sentence or contest the conviction/sentence in any post-conviction proceeding.  (Ct. R., Doc. 60, ¶ 15.)  A defendant may, as part of a plea agreement, waive the right to appeal, *United States v. Cuevas-Andrade,* 232 F.3d 440, 446 (5th Cir.2000) (citing *United States v. Melancon*, 972 F.2d 566 (5th Cir.1992)), and the right to seek post-conviction relief.  *United States v. Wilkes,* 20 F.3d 651, 653-54 (5th Cir.1994).  The record clearly indicates that Duffy understood and voluntarily entered into the plea agreement.

        First, Duffy, along with his attorney, signed the Memorandum of Understanding [MOU], which plainly waived his right to appeal his conviction or sentence.  (Ct. R., Doc. 60.)  Second, Duffy's attorney submitted an affidavit wherein he attested that he explained each page of the MOU to Duffy, including the waiver, and that Duffy understood the waiver.  (Ct. R., Doc. 94.)  Third, at Duffy's plea hearing, the prosecution stated for the record that in accordance with the MOU "the defendant understands he expressly waives his right to appeal the conviction and the sentence . . . or the manner in which the sentence was imposed on any grounds, whatsoever." (Ct. R., Doc. 95, p. 12.)  Additionally, the prosecution stated that "[Duffy] also expressly waives the right to contest the conviction and/or the sentence or the manner in which the sentence was

imposed in any post-conviction proceedings." (*Id.*)  When asked by the Court whether Duffy had the MOU before him and whether he had read it, Duffy responded, "Yes, sir, I'm familiar with it." (*Id.*)  He was also asked whether he had discussed the MOU with his attorney and whether he had signed it, to which Duffy responded, "Yes, sir."  (*Id.* at 12-13.)  Fourth, the Court explained to Duffy that he was waiving his right to appeal or contest the matter in any post-conviction proceeding.  (*Id.* at 13-14.)  Finally, the record is devoid of, and Duffy has failed to present, any evidence that he was not aware, did not understand or was mislead about the waiver provision of the MOU.

Duffy clearly knew the rights he was waiving when he entered into the plea agreement. Equally, Duffy has failed to present any evidence that his plea was anything but voluntary and fully informed.  Consequently, the Court finds that Duffy's arguments that his waiver of appeal was involuntary are without merit.

II.    Ineffective Assistance of Counsel

Duffy argues ineffective assistance of counsel for his attorney's alleged failure to advise him prior to his plea agreement that he could be sentenced as a career offender.  The first question this Court must resolve is whether Duffy's claim of ineffective assistance of counsel survives the waiver contained in the MOU.  As a general rule, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *Wilkes*, 20 F.3d at 653.  A narrow exception to the general rule provides that an ineffective assistance of counsel argument survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself.  *U.S. v. White*, 307 F.3d 336, 343 (5th Cir. 2002).  This Court must determine whether the plea or waiver itself was knowing and voluntary, and whether the issue challenged on collateral review may properly be the subject of waiver.  *Id.*

-3-

The Court has carefully reviewed Duffy's briefs and finds that he does not allege that his guilty plea was unknowing or involuntary.  Additionally, Duffy does not assert that his plea would have been different had he known that he could be sentenced as a career offender.  Duffy only alleges that his counsel failed to inform him, prior to his plea, that Duffy's sentence could be enhanced as a career offender.  "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged.  As long as the [defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences."  *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990) (internal quotation marks omitted).

The MOU specifically provides that "the penalty that may be imposed . . . is not less than 5 years and not more than 40 years imprisonment."  (Ct. R., Doc. 60, ¶ 7.)  Additionally, the MOU notes that Duffy understood that he would be sentenced according to the Federal Sentencing Guidelines Act and that Duffy "specifically acknowledges that he is not relying upon anyone's calculations of a particular guidelines range for the offense in entering this plea and recognizes that he may be sentenced to the maximum penalties set forth herein."  (*Id.* at ¶ 5.) Finally, the MOU states that "[i]t is further understood that the Court . . . is not required to accept the recommendation of the U.S. Attorney, but may sentence the defendant to the maximum fine and imprisonment as provided by law."  (*Id.* at ¶ 4.)

At the plea hearing, the Court informed Duffy, "If you plead guilty, do you understand, I can sentence you to not less than five years nor more than 40 years in the federal penitentiary." (Ct. R., Doc. 95, p. 10.)  Duffy responded, "Yes, sir."  (*Id.* at p. 11.)  Regarding the MOU, the Court asked, "Has anybody made any promises to you or side agreements with you that's not contained in that Memorandum of Understanding?"  (*Id.* at p. 13.)  Duffy responded, "No, sir."

(*Id.*)  The Court continued, explaining that "Mr. Duffy, you understand now, I don't have to follow any government recommendation, and I can sentence you to any sentence up to and including the maximum I've already explained to you."  (*Id.*)  Duffy replied, "Yes, sir."  (*Id.*)  Ultimately, Duffy was sentenced to 188 months imprisonment.

Even embellishing his claim to allege that his counsel assured him of a lesser sentence, Duffy is unable to escape his plea agreement.  "[R]eliance on the erroneous advice of counsel relative to the sentence likely to be imposed does not render a guilty plea unknowing or involuntary.  As long as the defendant understood the length of time he might possibly receive he was fully aware of his plea's consequences."  *United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir. 1993) (internal quotation marks omitted).

The observations and determination in *United States v. Melancon* are equally applicable to the present case:

> [T]he uncertainty of [defendant's] sentence does not render his waiver uninformed. [Defendant] understood that the court had exclusive authority to set the sentence. He knew that the court would do so in accordance with the sentencing guidelines and that the court had the power to depart from the guideline recommendation. Appellant was also aware of the maximum terms of imprisonment and supervised release applicable to his crime.  Most important, he knew that he had a "right to appeal his sentence and that he was giving up that right."

972 F.2d at 567-68.  Duffy offers no direct claim and there exists no basis for a claim that his plea and waiver were not knowing and voluntary.

Equally, Duffy's claims do not challenge counsel's representation in negotiating or entering the plea or the waiver, i.e. the validity of the plea agreement or waiver.  *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001); *accord White*, 307 F.3d at 343-44.  Duffy challenges only the alleged failure of counsel to inform him that he could be sentenced as a

career offender.  Duffy was informed, however, of the possible maximum sentence he might

receive and was sentenced well below the maximum.  Despite his efforts to dress up his claim as

a violation of the Sixth Amendment, Duffy in reality is challenging the correctness of his

sentence.  Duffy's claims do not challenge the validity of the plea or waiver, and therefore, his

claims do not fall within that narrow category that may not be the subject of waiver.  *See White*,

307 F.3d at 343-44.  Consequently, the Court finds that Duffy has effectually waived any claim to

post-conviction relief under 28 U.S.C. § 2255 and the claims asserted thereunder.

Even discounting the waiver, the Court finds that Duffy has failed to show that his

attorney rendered ineffective assistance of counsel under the standard announced in *Strickland v.*

*Washington,* 466 U.S. 668, 104 S.Ct. 2052, 870 L.Ed.2d 674 (1984).  Particularly, Duffy does not

allege that he suffered any prejudice, i.e. that he would not have pleaded guilty had he known that

he could be sentenced as a career offender.

III.    Breach of the Plea Agreement

Duffy claims that the United States of America [United States] breached the plea

agreement when it failed to file a U.S.S.G. § 5K1.1 motion for downward departure at sentencing.

As explained by the Fifth Circuit:

> Section 5K1.1 gives the Government a power, not a duty, to file a motion when a
> defendant has substantially assisted.  Put differently, § 5K1.1 does not require the
> government to move for a downward departure if the defendant provides
> substantial assistance, but rather grants the government discretionary power to
> make such a motion.

*United States v. Price*, 95 F.3d 364, 368 (5th Cir. 1996) (citations and internal quotation marks

omitted).  The MOU provides that the Defendant understands that the determination of whether

he has rendered "substantial assistance" and whether the United States will file an appropriate

motion is at the sole discretion of the United States.  (Ct. R., Doc. 60, ¶ 9.)  Clearly, the United States has retained discretion whether to file a motion for downward departure.

 Where the plea agreement expressly states that the United States retains "sole discretion" over the decision whether to submit a motion for a downward departure from the sentencing guidelines, a refusal to do so is reviewed only for unconstitutional motive.  *Price*, 95 F.3d at 368. Duffy has not alleged any unconstitutional motive on the part of the United States in refusing to file a section 5K1.1 motion.  Additionally, at the sentencing hearing the attorney for the United States stated that "[Duffy's] not getting a 5K.  He may get a Rule 35.  So I guess whatever they're contemplating has not come to fruition yet, and that's the reason."  Given the United States' sole discretion over whether to file a section 5K1.1 motion and Duffy's failure to allege any unconstitutional motive, the Court finds that Duffy's claim for breach of the plea agreement is without merit.

IV.   <u>Unconstitutional Sentence</u>

Duffy alleges that his sentence violates his constitutional rights as reflected in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), *Blakely v. Washington,* 124 S. Ct. 2531 (2004), and *United States v. Booker,*125 S. Ct. 738 (2005).  As noted herein, *supra* Part I, Duffy waived his right to appeal or collaterally attack his conviction/sentence.  Consequently, the Court find that Duffy's arguments are without merit.

Even discounting the waiver, the Fifth Circuit has expressly addressed whether *Apprendi*, *Blakely* and *Booker* are retroactively applicable on collateral review:

> [I]t is clear that *Booker* has not been made retroactive to cases on collateral review by the Supreme Court.  The Supreme Court did not so hold in *Booker,* nor has the Court done so in any case since *Booker.*  The same is true with respect to *Apprendi* and *Blakely*.  In fact, in *Booker,* the Court expressly held that both the Sixth Amendment holding and its remedial interpretation apply "to all cases on

*direct* review." 125 S.Ct. at 769 (emphasis added).  The Court could have, but did
not, make any reference to cases on collateral review.

> In addition, the Supreme Court has not rendered any decision or combination of
> decisions that, while not expressly making the rule of *Apprendi, Blakely* and
> *Booker* retroactive, "necessarily dictate[s] retroactivity" of that rule.  *Tyler,* 533
> U.S. at 666, 121 S.Ct. 2478.  To the contrary, the Supreme Court has strongly
> suggested that *Apprendi* and, by logical extension, *Blakely* and *Booker* do not
> apply retroactively on collateral review.  *See Schriro v. Summerlin,* 542 U.S. 348,
> 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding that *Ring v. Arizona,* 536
> U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of
> *Apprendi* to facts increasing a defendant's sentence from life imprisonment to
> death, does not apply retroactively to cases on collateral review).

*In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005); *see U.S. v. Gentry*, 432 F.3d 600, 605 (5th Cir.

2005) (holding that *Booker* does not apply retroactively to initial section 2255 motions).  Simply

put, *Apprendi*, *Blakely* and *Booker* are not retroactively applicable on collateral review.

Consequently, the Court finds that Duffy's sentencing arguments are without merit.

V.     Failure to Prove Prima Facie Basis of Indictment

Duffy argues that the United States failed to provide an adequate factual basis for the

plea.  Particularly, Duffy alleges that the United States failed to offer facts showing that the

commission of the offense involved more than 500 grams of cocaine hydrochloride as charged

and that the Court enhanced his sentence based on relevant conduct in violation of *Apprendi* and

*Blakely*.  Duffy's arguments relating to the alleged enhancement based on relevant conduct are

without merit.  As shown herein, Duffy waived such challenges, *supra* Part I; and *Apprendi* and

*Blakely* are not applicable on collateral review.  *See supra*, Part IV.

Equally, Duffy's allegation that his plea lacked an adequate factual basis is without merit.

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis

for the plea."  FED. R. CRIM. P. 11(b)(3).  To determine whether there was an adequate factual

basis for the plea, the Court reviews the indictment and plea hearing.  *See United States v.*

*Adams*, 961 F.2d 505, 509 (5th Cir. 1992).  The indictment states in pertinent part:

> That from on or about January 2003 . . . and continuing until March 7, 2003, in Jackson County in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendants, **GERALD HAWTHORNE DUFFY** . . . did knowingly and willfully conspire and agree together with others both known and unknown . . . to knowingly and intentionally possess with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of cocaine hydrochloride . . . as prohibited by Section 841(a)(1), Title 21, United States Code.

(Ct. R., Doc. 1.)  Subsequently, the indictment was amended to add the final sentence, "All in

violation of Section 846, Title 21, United States Code."  (Ct. R., Doc. 32.)  Regarding the amount

of drugs involved, the indictment plainly notes that the offense involves more than 500 grams.

The Court finds that the indictment is sufficiently specific regarding the amount of drugs

involved to provide an adequate factual basis for the plea.  *See Adams*, 961 F.2d at 509.

At the plea hearing, the Court read the indictment into the record and then asked Duffy,

"Is there any doubt in your mind what you're offering to plead guilty to?"  (Ct. R., Doc. 95, p. 10.)

Duffy responded, "No, sir, I understand."  (*Id.*)  The Court then asked the attorney for the United

States to relate the basic facts, to which he stated in pertinent part:

> Around 4:55 that afternoon, Mr. Long, and also the co-defendant here, Mr. Gerald Duffy, arrived at the hotel and they were arrested as they were getting the cocaine from Mr. Laster.

> The defendant was Mirandized and gave a statement admitting to the conspiracy. He stated that he, along with the other co-defendants, had been involved with transporting cocaine hydrochloride from Texas to Mississippi.  He also said this was their fourth time to transport the cocaine from Texas to Mississippi, and that they've transported more than 400 grams of cocaine hydrochloride during that period of time.

> The cocaine seized that day from the vehicle of Mr. Laster was tested by the – Laboratory and shown to be cocaine hydrochloride with a weight of 480 grams.

-9-

(Ct. R., Doc. 95, p. 15.)  Duffy admitted these facts and that he was guilty of the one-count indictment.  (*Id.* at pp. 15-16.)  Ultimately, the Court determined that Duffy's part in the conspiracy encompassed 2.5 kilograms of drugs.  (Ct. R., Doc. 96, pp. 5-6.)  At his sentencing hearing, Duffy confessed that "[w]e already established drug amount, you know[,] [and] I'm satisfied with that."  (*Id.* at p. 19.)  Given that the authorities seized 480 grams of cocaine hydrochloride on the last trip and that Duffy confessed to three prior trips, the Court finds that the plea hearing provided an adequate factual basis for the plea as it related to the drug amount.

Assuming *arguendo* that an inadequate factual basis was provided at the plea hearing regarding the amount of drugs, no substantial right has been violated, and Duffy has failed to show any prejudice, especially given his status as a career offender for sentencing purposes.  *See Adams*, 961 F.2d at 510-12.)  Consequently, the Court finds that Duffy's arguments relating to the factual basis for the plea are without merit.

VI.    Sentencing as Career Offender Based on Unconstitutional State Conviction

Duffy asserts that his status as a career offender was based on an unconstitutional state conviction.  While this Court may have authority to inquire into the constitutionality of Duffy's guilty plea conviction in state court, Duffy bears the burden of producing more than bald assertions.  *See Boykin v. Alabama*, 89 S. Ct. 1709 (1969); *United States v. Edwards*, 911 F.2d 1031 (5th Cir. 1990).  Duffy alleges that his 1990 guilty plea entered in state court was involuntary.  As proof, Duffy offers a transcript titled "Transcript of the Court's Deferring of Sentencing," wherein the following is noted in parentheses:

IN OPEN COURT, A GUILTY PLEA WAS ENTERED BY THE DEFENDANT.
AT THE CONCLUSION OF SAID GUILTY PLEA, THE FOLLOWING
PROCEEDINGS WERE HAD:

-10-

(Ct. R., Doc. 90, Exh. J. pp. 1-2.)  The proceedings that "were had" ultimately deferred Duffy's sentencing on the conviction of shooting a man.  Duffy offers nothing more, and this Court finds his arguments unpersuasive for several reasons.

First, Duffy does not offer whether a guilty plea transcript is available.  Second, Duffy does not allege or provide proof that he challenged the conviction on direct appeal or collaterally.  Third, Duffy did not raise this issue at sentencing or on direct appeal.  Fourth, Duffy waived the right to attack his sentence on collateral review.  Fifth, no invalidity is evident from the state court proceedings and any challenge would likely be contested.  *See United States v. Shannon*, 21 F.2d 77, 83 (5th Cir. 1994).  Consequently, this Court finds that Duffy's arguments relating to the alleged unconstitutionality of his prior state court conviction are without merit.

For the reasons stated herein, the Court finds that Duffy's motion to vacate pursuant to 28 U.S.C. § 2255 should be denied.  It is therefore,

ORDERED AND ADJUDGED that Duffy's motion to vacate [90-1] be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that the above styled action be, and is hereby, dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 15 day of March, A.D., 2006.

*Walter J. Gex III*
_____
UNITED STATES SENIOR DISTRICT JUDGE
